## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

LUCIEN MCARTHUR,
#R33809,

     **Plaintiff,**     **Case No. 23-cv-01790-SPM**

**v.**

ROB JEFFREYS,
WEXFORD HEALTH SOURCES INC.,
DOCTOR MYERS, and
J. SMITH,

     **Defendants.**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Lucien McArthur, an inmate of the Illinois Department of Corrections who is currently incarcerated at Centralia Correctional Center, brings this civil action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights. Plaintiff seeks monetary damages. This case is before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims and dismiss any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune. 28 U.S.C. § 1915A.

### THE COMPLAINT

Plaintiff states that on February 9, 2022, IDOC Director Rob Jeffreys ordered an emergency transfer of 170 inmates. (Doc. 1, p. 7). Plaintiff was one of those inmates, and he was transferred from Pontiac Correctional Center to Centralia Correctional Center (Centralia) in the middle of the night. Plaintiff states that at the time Centralia did not have a full-time doctor, and he was suffering from several medical issues. Prior to his transfer, Plaintiff had received a surgery

referral for his left shoulder, he had a cyst on his right testicle, he was experiencing serious pain from having screws and plates in his left heel, and he had arthritis in his left ankle and right hip. (*Id.* at p. 8). To treat his pain, Plaintiff was taking 100 mg of Ultram twice a day.

On March 23, 2022, Plaintiff was seen by Dr. Myers. (Doc. 1, p. 8). Plaintiff explained his medical problems, and Myers told Plaintiff that "he didn't want to hear it." Plaintiff asked Myers if he was going to review all of Plaintiff's medical conditons, and Myers responded, "No." Myers also refused to prescribe Plaintiff Ultram for his pain. (*Id.*).

Plaintiff saw Physician Assistant Smith on April 12, 2022. (Doc. 1, p. 9). Plaintiff told Smith that he was experiencing severe pain and asked Smith to schedule him to see Myers because Smith could not prescribe Ultram. Smith told Plaintiff that he would not schedule Plaintiff to see Myers but would prescribe Nortriptyline. Plaintiff states that this medication did not work. (*Id.*).

Starting in October 2022, Plaintiff filed nurse sick call slip requests but did not see Dr. Myers until May 16, 2023. (Doc. 1, p. 10). He finally received surgery on his testicle on March 6, 2023, and for his shoulder on April 4, 2023. (*Id.* at 9-10). He still has pain in his foot and hip, which remains untreated. (*Id.*). Plaintiff is only given Tylenol, which does not alleviate his pain. He does not sleep very well and suffers from anxiety and depression because the extreme pain that he is in all the time.

## Discussion

Based on the allegations in the Complaint, the Court will designate the following counts as follows:

> **Count 1:**   Eighth Amendment deliberate indifference claim against Jeffreys for transferring Plaintiff to a correctional facility without a full-time doctor.
>
> **Count 2:**   Eighth Amendment deliberate indifference claim against Jeffreys and Wexford for failing to comply with provisions of the *Lippert* settlement agreement.

**Count 3:**   Eighth Amendment deliberate indifference claim against Jeffreys and Wexford for allowing shortages in medical staffing.

**Count 4:**   Eighth Amendment deliberate indifference claim against Myers and Smith for failing to adequately treat Plaintiff's chronic conditions, including his pain.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

**Deliberate Indifference**

The Eighth Amendment prohibits the deliberate indifference to a prisoner's "serious medical needs," as deliberate indifference "constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 828 (7th Cir. 2009) (internal quotations omitted). To successfully state an Eighth Amendment claim of deliberate indifference, a plaintiff must plead that the defendant knew of a serious risk of harm and consciously disregarded it. *See Giles v. Godinez*, 914 F. 3d 1040, 1049 (7th Cir. 2019).

**Count 1**

Plaintiff's Eighth Amendment claim against Jeffreys for having Plaintiff transferred to a new facility, despite his medical conditions, is dismissed without prejudice. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). A defendant cannot be held liable solely because he or she is in a supervisory position.

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The doctrine of *respondeat superior* is not recognized under Section 1983. *See also Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001).

Plaintiff fails to plead any factual allegations from which the Court can reasonably infer that Jeffreys, the director of IDOC, was aware of Plaintiff's specific medical issues and the risk to his health that a transfer would cause him, ignored those risks, and had Plaintiff transferred anyways. Rather, Plaintiff appears to be attempting to hold Jeffreys liable for the conduct of individuals who work within IDOC and were directly involved in the transfer, which he cannot do. Count 1 is dismissed without prejudice.

### Counts 2 and 3

Plaintiff claims that Jeffreys and Wexford have exercised deliberate indifference by failing to institute the following provisions of the settlement agreement in the *Lippert* class action lawsuit:

- Address staff shortages and quality by creating a state-wide staffing plan to hire, train, and supervise qualified doctors and other medical personal;
- Implement an electronic medical record system;
- Create a new system to review denial or delays in approving outside surgeries or consultations;
- Create a system for reviewing quality of care; and
- Implement changes to the clinic spaces, sanitation, intake processing, nurse sick calls, chronic disease management, medication administration, off-site services, infection control, comprehensive health care policies; and dental programs.

(Doc. 1, p. 7-8). Failing to adhere to a settlement agreement does not in and of itself create a cause of action under Section 1983. *See Eason v. Pritzker,* No. 20-cv-01157-SPM, 2020 WL 7027485, at *4 (S.D. Ill. Nov. 30, 2020). A settlement agreement is a contract, and this Court does not have the jurisdiction to enforce its provisions. (*See Id.*). Although Jeffreys and Wexford may not have implemented the provisions as agreed upon by the parties in *Lippert,* Plaintiff must still sufficiently plead facts that support an Eighth Amendment claim against each defendant. Therefore, to the extent Plaintiff is attempting to hold Jeffreys and Wexford liable simply for failing to comply with

the *Lippert* settlement agreement, Count 2 is dismissed.

Because, however, Plaintiff links his allegations that Jeffreys and Wexford knew about and failed to remedy staffing shortages, which is one of the alleged provisions in the *Lippert* settlement, to his own experiences of inadequate medical care, Count 3 will proceed. *See Reck v. Wexford Health Sources, Inc.,* 27 F. 4th 473, 489 (7th Cir. 2022) ("[d]efficiencies in staffing and delays in treatment can give rise to a deliberate indifference claim").

**Count 4**

During the appointment with Dr. Myers on March 23, 2022, Plaintiff alleges that Myers discontinued his Ultram prescription and refused to treat his pain and other medical issues. (Doc. 1, p. 8-9). Plaintiff again saw Myers over a year later on May 16, 2023. The Complaint does not contain specifics about this appointment, but Plaintiff states he continues to experience ongoing pain and has only been prescribed Tylenol. (*Id.* at p. 10). Based on these allegations, Count 4 will proceed against Myers for failing to treat Plaintiff's medical conditions and chronic pain. *See Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (an Eighth Amendment claim may be stated where a doctor persists in a course of treatment known to be ineffective); *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012) ("[d]elaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain").

Count 4 will be dismissed as to Smith. Plaintiff saw Smith one time on April 12, 2022. While Smith would not refer Plaintiff to Myers so that he could have the Ultram prescription renewed, Smith tried a new medicine. The new medicine ultimately did not work to alleviate Plaintiff's pain, but there are no allegations that Smith was aware of this fact and ignored a risk to Plaintiff's health. Plaintiff does not have a right to "demand specific care" or even "the best care possible" under the Eighth Amendment, and there is nothing from which the Court can reasonably infer that Smith's conduct rose to the level of deliberate indifference. *Forbes v. Edgar*, 112 F.3d

Page 5 of 8

262, 267 (7th Cir. 1997).

MOTION FOR SERVICE OF PROCESS

Plaintiff's Motion for Service of Process at Government Expense (Doc. 2) is **DENIED as moot.** Plaintiff has been granted leave to proceed *in forma pauperis*, and the Court is therefore obligated to conduct service on his behalf.

DISPOSITION

For the reasons states above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNTS 1** and **2** are **DISMISSED without prejudice. COUNT 3** will proceed against Jeffreys and Wexford. **COUNT 4** will proceed against Myers but is **DISMISSED without prejudice** as to Smith. Because there are no surviving claims against Smith, he is dismissed from this case. The Clerk of Court is **DIRECTED** to terminate Smith as a party on the docket.

Because Plaintiff's claims involve allegations regarding his medical care, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for Jeffreys, Wexford, and Myers the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the

Page 6 of 8

employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

All Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   January 24, 2024**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.